J. S03008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RONALD STOCKTON, | : | No. 661 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 6, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0001236-2007,
CP-51-CR-0002597-2007

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 16, 2016**

Ronald Stockton appeals from the order filed in the Court of Common Pleas of Philadelphia County which dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The PCRA court set forth the relevant procedural history:

> On November 9, 2007, Appellant pled guilty to charges set forth in two bills, CP-51-CR-0001236-2007  and  CP-51-CR-0002597-2007,  before  the Honorable  John  Poserina  and  was  convicted  of

robbery,[1] possession of an instrument of crime,[2] terroristic threats,[3] and [criminal mischief].[4] On December 14, 2007, Appellant was sentenced to five to ten years on each of the two bills for the robbery charges. The sentences were to run consecutively. The order from the sentencing, however, stated that Appellant was "[t]o be confined for a Period of 10 to 20 years. . ." on only CP-51-CR-0001236-2007. It did not reference CP-51-CR-0002597-2007. On March 5, 2010, Judge Poserina filed amended sentencing orders that reflected his original intent that Appellant be sentenced to five to ten years on each of the two bills to run consecutively. He did not sign these orders.

Subsequently, Judge Poserina retired from the bench. On July 5, 2012, then-Supervising Judge Sheila Woods-Skipper filed signed sentencing orders mirroring Judge Poserina's amended orders and reflecting his original intent. After receiving the orders signed by Judge Woods-Skipper, Appellant filed the instant PCRA Petition[Footnote 1], which was denied by this Court.

[Footnote 1] The Court noted during the December 1, 2014 PCRA hearing that the proper mechanism through which Appellant likely should have raised these issues was a Writ of Habeas Corpus, not a PCRA Petition. See NT 12/1/2014 at 17, 22 ("I may dismiss this and then, of course, you could file a writ and we would be back in the same place . . . [.]") . . .

---

[1] 18 Pa.C.S.A. § 3702(a).

[2] 18 Pa.C.S.A. § 907(a).

[3] 18 Pa.C.S.A. § 2706(a)(1).

[4] 18 Pa.C.S.A. § 3304(a)(4).

PCRA court opinion, 8/10/15 at 1-2.

Appellant raises the following issues for our review:

1.    Did this PCRA petition fall within one of the exceptions to the statute of limitations?

2.    Did the Lower Court err in not holding an evidentiary hearing to determine the chronology of the sentencing orders and to determine the prejudice suffered by the Appellant?

Appellant's brief at 7.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final.   42 Pa.C.S.A. § 9545(b)(1).   "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review."   42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound.   ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).   In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional.   If a PCRA petition is untimely, a court lacks jurisdiction over the petition.   ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

The right to an evidentiary hearing on a post-conviction petition is not absolute.   A hearing may be denied if a petitioner's claim is patently

> frivolous and is without a trace of support either in the record or from other evidence. A post-conviction petition may not be summarily dismissed, however, as "patently frivolous" when the facts alleged in the petition, if proven, would entitle the petitioner to relief.

*Commonwealth v. Granberry*, 644 A.2d 204, 208 (Pa.Super. 1994), citing *Commonwealth v. Box*, 451 A.2d 252 (Pa.Super. 1982).

Here, the trial court sentenced appellant on December 14, 2007. Appellant failed to file a direct appeal to this court, and, consequently, appellant's judgment of sentence became final 30 days after imposition of sentence and the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed *pro se* on October 3, 2012 and then amended by appointed counsel and refiled August 7, 2013, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii);

*Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant contends that the July 5, 2012 sentencing order, signed by Judge Woods-Skipper and received by appellant on August 28, 2012, constitutes recently discovered facts upon which he predicates his PCRA claim. Appellant then claims that this implicates the legality of his sentence.

Challenges to the legality of the sentence are never waived. *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super. 2005) (*en banc*), *appeal denied*, 917 A.2d 844 (Pa. 2007). This means that a court may entertain a challenge to the legality of the sentence, so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. *Id.*

In analyzing a claim of newly discovered evidence under Section 9545(b)(1)(ii), our supreme court in *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007), made clear that the exception set forth in Subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the facts upon which the claim is predicated must not have been known to appellant and could not

have been ascertained by due diligence. *Id.* (citation omitted). Therefore, the plain language of Subsection (b)(1)(ii) is not so narrow as to limit itself to only claims involving after-discovered evidence. *Id.* at 1272. Rather, Subsection (b)(1)(ii) has two components, which appellant must allege and prove: (1) that the facts upon which the claim was predicated were unknown and (2) that those facts could not have been ascertained by the exercise of due diligence. *Id.* If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection. *Id.* (citation omitted).

"[A] trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders." *Commonwealth v. Borrin*, 12 A.3d 466, 471 (Pa.Super. 2011) (*en banc*) (citation omitted), *affirmed*, 80 A.3d 1219 (Pa. 2013) (opinion announcing judgment). This authority exists even after the 30-day time limitation for the modification of orders expires. *Id.*, citing 42 Pa.C.S.A. § 5505.[5] This court has held that a "clear clerical error" exists on the face of the record "when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing[.]" *Borrin*, 12 A.3d at 473; *see also Commonwealth v. Holmes*, 933 A.2d 57, 67 (Pa. 2007) (holding that the limited, inherent judicial power of the court to

---

[5] 42 Pa.C.S.A. § 5505 provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

correct patent errors arises in cases "involv[ing] clear errors in the imposition of sentences that [are] incompatible with the record"). When this situation arises, "the sentencing order [is] subject to later correction." ***Borrin***, 12 A.3d at 473. For example, we have held that, "an oral sentence which is on the record, written incorrectly by the clerk of courts, and then corrected by the trial judge, is [] a clerical error." ***Id***. at 474, quoting ***Commonwealth v. Kubiac***, 550 A.2d 219, 231 (Pa.Super. 1988), ***appeal denied***, 563 A.2d 496 (Pa. 1989).

Here, the trial court clearly, unambiguously, and repeatedly declared during the sentencing hearing that appellant was being sentenced to 5 to 10 years' incarceration on each of two robbery counts and that those two sentences were to run consecutively for a total term of imprisonment of 10 to 20 years, as follows:

> THE COURT: It all depends on how well you do while you're in prison, because I'm going to sentence you to 10 to 20 as imposed by the law that I see it, two 5 to 10's and they're going to be consecutive. However, if you don't behave yourself in prison, you're going to do the 20 years, not going to do the 10. . . . do you understand that, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: So my official sentencing today is 60 to 120 months, 5 to 10 years on each of the two robberies.
>
> [DEFENSE COUNSEL]: Your Honor, if I may -- it's so far outside the sentencing guidelines --

> THE COURT: It's mandatory on each one. They are two separate sentences that deserve two separate sentencing[s].
>
> [DEFENSE COUNSEL]: And you should give them, but you can run them concurrent, Your Honor.
>
> THE COURT: I am running them consecutive. . . .
>
> . . . .
>
> THE COURT: Sir, now you have been sentenced to 10 to 20 years totally . . . .

Notes of testimony, 12/14/07 at 24-27.

Because the trial court clearly and unambiguously declared its intentions during the sentencing hearing, a clear clerical error existed on the face of the record that was subject to correction by the trial court. *See Holmes*, 933 A.2d at 67; *Borrin*, 12 A.3d at 473; *Kubiac*, 550 A.2d at 231. Accordingly, Judge Woods-Skipper had inherent authority to correct that clerical error.

Finally, we note that contrary to appellant's assertion, the corrected sentencing order is not a newly discovered fact because appellant's sentence was known to him, as he was present when the trial court sentenced him in open court, and he acknowledged his understanding of the sentence imposed. (*See* notes of testimony, 12/14/07 at 24-27.)

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016