J-A15001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMON JOHNSON, | |
| Appellant | No. 2934 EDA 2017 |

Appeal from the Judgment of Sentence Entered August 23, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003295-2011

BEFORE:  BENDER, P.J.E., GANTMAN, P.J.E., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 12, 2019**

Appellant, Damon Johnson, appeals from the judgment of sentence of 1-2 years' incarceration, imposed for a violation of probation due to his conviction on new charges.  Appellant argues that his sentence is illegal because he had already completed his probation when he was arrested on the new charges.  After careful review, we reverse.

As this Court previously reported during the direct appeal from Appellant's judgment of sentence at CP-51-CR-0003295-2011:

> Appellant was incarcerated at a county correctional facility in Philadelphia County.  On August 30, 2010, at 10:30 a.m., Kanisha Ellis visited Appellant.  County Correctional Officer Mary Hornick observed the two take a picture together, during which time Appellant made several reaching motions behind Ms. Ellis's back. Appellant was warned twice regarding the motions.   Officer Hornick then witnessed Appellant place a small object in his jump

_____

[*] Retired Senior Judge assigned to the Superior Court.

suit. She informed another officer and two officers escorted Appellant to a search room. Appellant previously had been stripped searched before putting on the jump suit. When officers asked Appellant to remove the suit, he refused. After a brief struggle with the officers, an object fell from Appellant's pant leg. He grabbed the object and put it into his mouth before spitting it out when he was pepper sprayed. The object was a plastic bag containing 9.7 grams of marijuana. A property receipt reflected that the bag was taken from Ms. Ellis.

**Commonwealth v. Johnson**, No. 173 EDA 2012, unpublished memorandum at 2 (Pa. Super. filed Mar. 8, 2013).

The trial court sentenced Appellant to "one and one-half to four years['] incarceration … after [it] convicted him of possession of a controlled substance by an inmate, conspiracy to commit possession of a controlled substance by an inmate, possession of a controlled substance (marijuana), possession of a small amount of marijuana, and tampering with evidence." **Id.** at 1. The trial court imposed a concurrent term of 2 years' probation for tampering with evidence. N.T., 12/21/11, at 54. However, the written sentencing order filed by the court imposed the two-year term of probation for tampering with evidence to run consecutive to the term of incarceration. Order of Sentence, 12/21/11, at 1. Appellant served his term of incarceration and was subsequently released.[1]

On January 29, 2016, Appellant was arrested on new charges. Following a trial, he was convicted of resisting arrest, three firearm charges, criminal mischief, simple assault, and reckless endangerment. On August 11, 2017,

---

[1] The parties are unable to provide this Court with Appellant's release date.

the trial court sentenced Appellant to 6-12 years' incarceration, and to a consecutive term of 8 years' probation.

On August 23, 2017, Appellant appeared before the Honorable Judge Robert F. Gordon for a probation violation hearing. Relying on the sentencing order from the case at CP-51-CR-0003295-2011, Appellant's counsel stated at the beginning of the hearing that Appellant's probationary term in that case was ordered to run consecutive to the term of incarceration imposed. N.T., 8/23/17, at 4. It appears that Appellant's counsel's statement was prompted by a prior discussion with the court that was not transcribed. *Id.*

Ultimately, the court determined that Appellant's new crimes constituted a direct violation of the terms of his probation. On that basis, the court imposed a new term of 1-2 years' incarceration for tampering with evidence. *Id.* at 22. Appellant filed a timely notice of appeal, and a timely, court-ordered, Pa.R.A.P. 1925(b) statement. However, during the interim, Judge Gordon retired. As such, no Rule 1925(a) opinion was filed in this matter.

Appellant now presents the following question for our review:

> Should not the lower court's revocation sentence be vacated where, at the time the trial court revoked Appellant's probation and resentenced him, Appellant's term of probation had already expired, since Appellant's probation term was to run concurrent with his original sentence on other counts, that probation expired in 2013 and the violating acts in 2016 which formed the basis for the revocation occurred after the probation had expired?

Appellant's Brief at 3.

Appellant's claim concerns the legality of his sentence. *See Commonwealth v. Mathias*, 121 A.3d 558, 563 (Pa. Super. 2015) (holding

- 3 -

that a sentence imposed for a violation of probation was illegal where the term of probation had already expired); *compare Commonwealth v. Mitchell*, 955 A.2d 433, 435 n.2 (Pa. Super. 2008) ("Under Pennsylvania law, an order of probation can be changed or revoked if, *at any time before the defendant has completed the maximum period of probation*, or before he has begun service of his probation the defendant commits offenses or otherwise demonstrates he is unworthy of probation.") (cleaned up, emphasis added).  "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." *Commonwealth v. Robinson*, 931 A.2d 15, 19–20 (Pa. Super. 2007).

Appellant argues that, at his original sentencing hearing, the trial court unambiguously expressed its intent to impose the at-issue probationary term to run concurrent to his term of incarceration.  Appellant's Brief at 11.  As such, Appellant contends that the contrary language in the written sentencing order constituted a "patent and obvious mistake and not the actual sentence imposed on" Appellant. *Id.* at 13.

The Commonwealth argues that the sentencing order controls. Commonwealth's Brief at 7.  The Commonwealth concedes only that "the trial court's statements at sentencing were not completely clear," and that the trial court "mischaracterized [Appellant]'s probation term in its April 26, 2013 opinion." *Id.* at 8.  However, the Commonwealth maintains that "the text of

a written sentencing order is determinative of the actual sentence" in light of such ambiguities. *Id.* at 9.

Generally speaking, "it is well-settled that the signed sentencing order takes precedence over oral statements of the sentencing court not incorporated into that order." *Commonwealth v. Kubiac*, 550 A.2d 219, 229 (Pa. Super. 1988). However, this Court has permitted the correction of a sentencing order by a trial court, outside the time period permitted by 42 Pa.C.S. § 5505,[2] where the unambiguous, on-the-record statement of the sentence conflicted with the written order. *See Kubiac*, 550 A.2d at 231; *compare Commonwealth v. Borrin*, 12 A.3d 466 (Pa. Super. 2011) (refusing to permit alteration to the written sentencing order outside of the framework of Section 5505 where "the trial judge's intentions … were not clearly and unequivocally expressed at sentencing."). Here, the trial court's intention at the original sentencing hearing was unambiguous: "And [at] Count 5, tampering[,] is two years['] probation *concurrent*." N.T., 12/21/11, at 54 (emphasis added).

The Commonwealth contends that "the court confirmed at the revocation hearing that the written order was correct" in ordering Appellant's term of probation to run consecutive to his term of incarceration.

---

[2] Section 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

Commonwealth's Brief at 10. We disagree with the Commonwealth's characterization of the record,[3] but, in any event, comments made "after-the-fact" regarding a sentencing court's "subjective intent" at a prior sentencing proceeding are "irrelevant[.]" **Commonwealth v. Borrin**, 80 A.3d 1219, 1227 (Pa. 2013).

Accordingly, we conclude that the unambiguous intent of the trial court at the December 21, 2011 sentencing hearing was to impose a term of probation concurrent to Appellant's term of incarceration, and that the written sentencing order's statement to the contrary was a patent clerical error. Consequently, Appellant's term of probation expired on December 21, 2013, long before his arrest on January 29, 2016, on the new charges that served as the basis for court's revocation of his probation. As such, the sentence imposed for that revocation of an expired term of probation was illegal. **See Matthias**, **supra**. Thus, we reverse Appellant's judgment of sentence.

Judgment of sentence **reversed**.

---

[3] The record could just as easily be interpreted to show that the court was simply restating the text from the sentencing order. **See** N.T., 8/23/17, at 21. Moreover, the trial court's Rule 1925(a) opinion filed during Appellant's direct appeal stated that the at-issue term of probation was ordered to run concurrent to Appellant's term of incarceration, consistent with the court's statement at the sentencing hearing. Rule 1925(a) Opinion, 4/26/13, at 2.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19