**ROWE v. COMMONWEALTH.**

Court of Appeals of Kentucky.

June 11, 1954.

judgment: **1.** Misconduct of the Commonwealth Attorney; **2.** the court abused its discretion in not granting her a continuance because of the absence of an eyewitness. Since the first ground is meritorious, it will not be necessary to consider the second, as we presume that on another trial this witness will be present.

According to the prosecuting witness, Colliver and Cecil Rowe, a brother of appellant, became involved in a brawl in a beer saloon in Mt. Sterling and were ejected therefrom. Appellant, her brothers and Oder Walsh followed them out into the street. The two Rowe men and Colliver started fighting; they separated and all drew knives. Colliver retreated across the street, followed by the two Rowes and Walsh. It was then that Colliver claimed he was cut by appellant. Her defense is she did not cut Colliver; that she had no knife and was trying to separate Walsh and Colliver at the time of the cutting. Appellant is corroborated by her two brothers.

The misconduct charged against the Commonwealth Attorney is that on cross-examination of appellant he exhibited to the jury an unusually vicious-looking knife and asked her if it was her knife, when he knew it was not and made no effort to prove it was or to connect appellant in any way with the knife.

The incident happened in this manner. While the Commonwealth was cross-examining appellant, a local cab driver walked into the courtroom and was escorted to the jury room by the sheriff within the view of the jury. The Commonwealth Attorney then asked for a recess to confer with an important witness. A few minutes later the Commonwealth Attorney returned from the jury room, arose from the counsel table with this knife in his hand, advanced in front of the jury toward appellant, showing her the knife and asked if it was hers. She immediately said it was not her knife and that she had never seen it before. The Commonwealth Attorney then opened the long, dangerous-looking blade and a fish scaler and asked

---

Lewis A. White, Mt. Sterling, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

On an indictment charging her with malicious cutting and wounding of Kenneth Colliver with intent to kill, appellant, Della R. Rowe, was convicted of cutting and wounding him in sudden affray and her punishment fixed at a fine of $250 and confinement in jail for six months. She assigns two grounds for reversal of the

appellant if that was not her knife. She again denied it. He asked, "Is this the instrument with which you were going to do the reaming you testified about?" Appellant again answered him in the negative, saying she had never before seen the knife.

The Commonwealth Attorney made no effort to formally introduce the knife in evidence nor did he put on any witness who in any way connected appellant with the knife. In his response to appellant's motion for a new trial, the Commonwealth Attorney stated: "It is not true that the sole and only purpose in referring to the knife was to incite the passion and prejudice of the jury against the defendant and to prejudice and impair her rights, but was for the purpose of attempting to ascertain whether the cutting was by knife or razor, and to determine, if possible, the truth or falsity of defendant's testimony in chief."

It is argued for the Commonwealth that as appellant's counsel did not offer an objection at the time, any error was waived. Patently, the answer to that argument is counsel for appellant was justified in thinking the Commonwealth Attorney would not undertake such a maneuver unless he could connect appellant with the knife. It was not until after the Commonwealth had closed in rebuttal that it dawned upon appellant's counsel the Commonwealth Attorney was not going to make any effort to connect appellant with the knife. Thereupon, he made a motion to set aside the swearing of the jury because of such misconduct.

█ Clearly, it was prejudicial error for the Commonwealth Attorney to exhibit this unusual and vicious-looking knife to the jury and ask appellant if it was hers and if it was not the knife with which she did the cutting, and then after she denied it, make no effort to connect her with the ownership or use of this knife. The attorney for the Commonwealth may not deliberately inject into the case an issue prejudicial to the rights of defendant without some reasonable basis for the questions. Taylor v. Com., 269 Ky. 656, 108 S.W.2d 645. It is rather apparent in this instance

the prosecutor knew he could not connect appellant with the ownership or use of this knife, as he made no effort to do so. It occurs to us his only purpose in referring to the knife was to prejudice appellant before the jury. We have many times condemned unfair methods of a prosecutor to obtain convictions because it brings the courts into disrepute and is disgusting to those who look upon courts and judges as symbols of justice. Two somewhat recent cases are Edwards v. Com., 298 Ky. 366, 182 S.W.2d 948 and Jackson v. Com., 301 Ky. 562, 192 S.W.2d 480.

The motion for an appeal is sustained and the judgment is reversed for proceedings consistent with this opinion.