611 A.2d 1294

**COMMONWEALTH of Pennsylvania**

v.

**Anthony GREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 14, 1992.

Filed July 6, 1992.

John P. Cotter, Philadelphia, for appellant.

Kathy Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

WIEAND, Judge:

Anthony Green was tried by jury and was found guilty of aggravated assault in connection with the shooting of Anthony Gunter in Philadelphia on October 14, 1988.[1] The same jury found him not guilty of possessing an instrument of crime. Post-verdict motions were denied, and Green was sentenced to serve a term of imprisonment for not less than five (5) years nor more than ten (10) years. On direct appeal, Green argues that the trial court erred when it allowed (1) evidence to be introduced of a "stale" robbery conviction and (2) improper jury argument by the prosecuting attorney which injected the number of annual homicides in Philadelphia and the motives for highway shootings in Los Angeles. Green also contends that the trial court erred when it applied the mandatory sentencing provisions of 42 Pa.C.S.A. § 9712 for aggravated assault after the jury had found him not guilty of possessing an instrument of crime.[2]

The circumstances surrounding the shooting were as follows. On October 14, 1988, Anthony Gunter went to 2406

1. A prior trial was aborted by the court sua sponte when it was discovered that both Green and a Commonwealth witness were represented by the office of the public defender. When Green thereafter filed a motion to dismiss on double jeopardy grounds, the motion was denied. The trial court's order was affirmed by the Superior Court. See: *Commonwealth v. Green*, 407 Pa.Super. 645, 584 A.2d 1046 (1990).

2. After post-trial motions had been denied, the trial court sentenced Green to serve a term of imprisonment for not less than four (4) years nor more than ten (10) years. The prosecutor then filed a petition to reconsider sentence, arguing that the provisions of 42 Pa.C.S. § 9712 mandated a minimum sentence of five years of total confinement if a person found guilty of aggravated assault "visibly possessed a firearm during the commission of the offense." In response, the trial court vacated its sentence and imposed the sentence from which the instant appeal has been taken.

North Reese Street, Philadelphia, to pick up his daughter from Wanda Boyd, who was the girl's mother and Gunter's former girlfriend. An argument ensued between Gunter and Boyd, during which Boyd's uncle, Anthony Green, appeared on the scene. The prosecution contended and attempted to prove that Green arrived with a gun in his possession and shot Gunter without provocation. The defense contended, however, that the gun had been in the possession of Gunter and had discharged accidentally during a struggle in which Green sought to defend himself against physical assault by Gunter. Although the testimony was in sharp dispute, the jury found Green guilty of aggravated assault.

The actual date on which appellant committed a prior robbery does not appear, but the record does establish that, on June 22, 1978, he was sentenced for robbery to serve a term of imprisonment for not less than one year nor more than two years. When appellant was tried for aggravated assault in February, 1991, the prior conviction was more than ten years old. Appellant contends that because of the lapse of time, this conviction was neither relevant nor material and should have been excluded by the trial court.

This issue, however, has not been preserved for appellate review. It was not raised in post-trial motions and is being argued for the first time on appeal. Only issues raised in post-trial motions are preserved for appellate review. *Commonwealth v. Gravely*, 486 Pa. 194, 198–199, 404 A.2d 1296, 1298 (1979); *Commonwealth v. Heckman*, 366 Pa.Super. 224, 227, 530 A.2d 1372, 1373 (1987). Because the issue was not preserved, we express no opinion regarding the trial court's evidentiary ruling.

During the prosecuting attorney's closing argument, the following argument was made and objections recorded:

And more on motive. The defense has argued what motive was there for him to shoot Mr. Gunter. Simply turned around, what motive was there for him to shoot the defendant? He is there to pick up his daughter, but first I am going to shoot the defendant.

Ladies and gentlemen, last year in Philadelphia [sic] we had 525 homicides—

MR. COTTER: Objection, Judge. Objection. Could I see the Court at side bar?

MR. MARGIOTTI: Judge, I really extended him a lot of courtesy in his closing.

MR. COTTER: Judge, I want to see the Court at side bar on this particular issue, this is very important.

THE COURT: Howard, come on, please.

(Side bar discussion as follows:)

MR. COTTER: Judge, I would move for a mistrial. The issue this jury has to decide is not the state of the criminal activity in Philadelphia. The issue for this jury is to decide whether this man committed a crime.

THE COURT: I know. It is hyperbole, it is argument. And I don't know what he is going to say about that.

MR. COTTER: Well, Judge, I don't want to wait until what he is going to say. Now he is saying there is a lot of homicides.

MR. MARGIOTTI: But there is nothing wrong with what I am saying.

MR. COTTER: Yes, there is something wrong.

MR. MARGIOTTI: No, there isn't.

MR. COTTER: You are bringing in the fact that something else or there are other crimes.

(Back in the courtroom as follows:)

MR. MARGIOTTI: As I said, ladies and gentlemen, there were 525 homicides in Philadelphia last year. How many of those have what we would call or consider, a good motive, a legitimate motive, a reason to shoot somebody? Ladies and gentlemen, in Los Angeles they are shooting people on the highway—

MR. COTTER: Objection. Judge, what does that have to do—

THE COURT: Well, it is argument. It is hyperbole, he is passionate. I will allow it.

MR. MARGIOTTI: Thank you. Your Honor, could I have his interruptions kept to the end? Maybe we can deal with them all at one time?

MR. COTTER: Judge, the Court knows that the Supreme Court says that I have to make the objection when it is stated. I have got to do that, Judge.

THE COURT: But not during a speech.

MR. MARGIOTTI: Thank you. Okay.

Ladies and gentlemen, as I said before I was interrupted again, in Los Angeles they are shooting people on the highway for cutting them off because the highways are too crowded. Motive is not a part of this crime. This is a crime of madness. The law—when the Judge reads you the law, he is going to say, intended to cause bodily injury with a deadly weapon or intended to cause serious bodily injury. But it doesn't say you have to determine his motive. I can't get into his head, you can't get into his head why he did it. That is not for you to decide.

█ In reviewing the remarks of the prosecuting attorney, we have examined once again the words of the late Justice Roberts who, when writing for the Court in *Commonwealth v. Cherry*, 474 Pa. 295, 378 A.2d 800 (1977), reviewed the role of the prosecuting attorney as follows:

In advocating the cause for this Commonwealth, prosecutors are to seek justice, not only convictions. *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Collins*, 462 Pa. 495, 341 A.2d 492 (1975); see ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function § 1.1 (Approved Draft, 1971) [hereinafter cited as ABA Standards]; Pennsylvania Supreme Court Code of Professional Responsibility EC 7–13 (1974). This obligation to seek justice includes the responsibility to assure that the defendant receives a fair and impartial trial. See *Commonwealth v. Joyner*, 469 Pa. 333, 365 A.2d 1233 (1976); *Commonwealth v. Toth*, 455 Pa. 154, 314 A.2d 275 (1974); ABA Standards § 1.1, commentary at 44.

This Court has established that the conduct of the prosecutor at closing argument is circumscribed by the concern for the right of a defendant to a fair and impartial trial. We have held that a prosecutor's expression of personal opinion regarding a defendant's guilt, credibility, or strategy is prejudicial and amounts to reversible error. We have also held that improper statements of the evidence and references to what the victim might have said are improper.

Moreover, our cases emphasize that the prosecutor must not seek to divert the jury from its duty to decide impartially the facts of the case before it. As Mr. Justice Nix has stated for this Court, "[t]he determination of guilt must not be the product of fear or vengeance but rather intellectually compelled after a disinterested, impartial and fair assessment of the testimony that has been presented." *Commonwealth v. Harvell,* 458 Pa. 406, 411, 327 A.2d 27, 30 (1974). The jury must not be diverted by statements appealing to its emotions or which may lead the jury away from its responsibility to resolve the case on the basis of the facts presented. See *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Harvell,* 458 Pa. 406, 327 A.2d 27 (1974); *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974).

In defining impermissible conduct during closing argument, we have followed Section 5.8 of the ABA Standards. *Commonwealth v. Joyner,* 469 Pa. 333, 365 A.2d 1233 (1976); *Commonwealth v. Harvell,* 458 Pa. 406, 327 A.2d 27 (1974). Section 5.8 provides:

"Argument to the jury.

(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or

falsity of any testimony or evidence or the guilt of the defendant.

(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict."

The policy underlying this section and our decisions which follow it is that limitations are needed to check the possibility that jurors will give undue weight to the arguments of the prosecutor. The commentary to Section 5.8 points out:

"As the culmination of his efforts in the case, the prosecutor's argument is likely to have significant persuasive force with the jury. Accordingly, the scope of argument must be consistent with the evidence and marked by the fairness which should characterize all of the prosecutor's conduct. Prosecutorial conduct in argument is a matter of special concern because of the possibility that the jury will give special weight to the prosecutor's arguments, not only because of the prestige associated with his office, but also because of the fact-finding facilities presumably available to him. See *DiCarlo v. United States*, 6 F.2d 364 (1925); Note, 54 Colum.L.Rev. 946 (1954). 'If the state has a strong case, it is not necessary, and if it has a close case, such misconduct is gross injustice to the defendant.' *State v. Cyty*, 50 Nev. 256, 256 P. 793, 794 (1927). See also *DiCarlo v. United States, supra;* Cain, Sensational Prosecutions and Reversals, 7 Notre Dame Law. 1 (1931); Note, 6 Utah L.Rev. 108 (1958). Unfortunately, some prosecutors have permitted an excess of zeal for convition [sic] or a fancy for exaggerated rhetoric to carry them beyond the permissible limits of argument. See, e.g., *Berger v. United States*, 295 U.S. 78[, 55 S.Ct.

629, 79 L.Ed. 1314] (1935); *People v. Talle,* 111 Cal. App.2d 650, 245 P.2d 633 (1952); *Rowe v. Commonwealth,* 269 S.W.2d 247 (Ky.1954). Of course, a prosecutor must be free to present his arguments with logical force and vigor. 'But, while he may strike hard blows, he is not at liberty to strike foul ones.' *Berger v. United States,* 295 U.S. at 88[, 55 S.Ct. 629]."

*Id.,* 474 Pa. at 301–303, 378 A.2d at 803–804. It has also been held repeatedly that it is improper for a prosecuting attorney to make reference to matters which are not in evidence or supported by inferences to be drawn from the evidence. See: *Commonwealth v. Anderson,* 490 Pa. 225, 229, 415 A.2d 887, 888 (1980); *Commonwealth v. Sanders,* 380 Pa.Super. 78, 98, 551 A.2d 239, 249 (1988); *Commonwealth v. Howard,* 375 Pa.Super. 43, 53, 543 A.2d 1169, 1174 (1988).

It is true that *Commonwealth v. Cherry, supra,* was decided fifteen years ago and that since that time the appellate courts have sent conflicting signals with respect to the nature and degree of prosecutorial misconduct which will be tolerated. More recently, the Superior Court suggested, in *Commonwealth v. Jubilee,* 403 Pa.Super. 589, 589 A.2d 1112 (1991), that the standard for reviewing prosecutor's remarks is as follows:

"In reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made." *Commonwealth v. Williams,* 346 Pa.Super. 456, 459, 499 A.2d 1089, 1091 (1985), *overruled on other grounds; Commonwealth v. Hill,* 523 Pa. 270, 566 A.2d 252 (1989). See also: *Commonwealth v. Smith,* 490 Pa. 380, 388, 416 A.2d 986, 989 (1980); *Commonwealth v. Toledo,* 365 Pa.Super. 224, 236, 529 A.2d 480, 486 (1987). "Generally, 'comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true ver-

dict.' " *Commonwealth v. Strong*, 522 Pa. 445, 454, 563 A.2d 479, 483 (1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1536, 108 L.Ed.2d 775 (1990), quoting *Commonwealth v. McNeal*, 456 Pa. 394, 400, 319 A.2d 669, 673 (1974). See also: *Commonwealth v. D'Amato*, 514 Pa. 471, 490, 526 A.2d 300, 309 (1987); *Commonwealth v. Carpenter*, 511 Pa. 429, 439, 515 A.2d 531, 536 (1986). The initial determination whether the prosecutor's remarks were unfairly prejudicial rests within the sound discretion of the trial court, and "our inquiry of necessity must turn to whether an abuse of discretion was committed." *Commonwealth v. Strong, supra,* citing *Commonwealth v. Simon*, 432 Pa. 386, 248 A.2d 289 (1968). See also: *Commonwealth v. D'Amato, supra* at 491, 526 A.2d at 310; *Commonwealth v. Ellis*, 398 Pa.Super. 538, 560, 581 A.2d 595, 606 (1990) (en banc).

*Id.*, 403 Pa.Superior Ct. at 593–594, 589 A.2d at 1114.

■ In any event, it is clear that remarks by the prosecuting attorney cannot be tolerated when the unavoidable effect is to deprive the defendant of a fair trial.

■ When we review the remarks of the prosecuting attorney in the instant case, it is immediately apparent that they were improper for several reasons. In the first place, they referred to facts which were not in evidence. There was no evidence whatsoever regarding the number of homicides in Philadelphia during the prior year or the reasons for shootings on the highways in or around Los Angeles. Indeed, if such evidence had been offered, the trial court would have had to exclude it, for it would have been wholly irrelevant to the case being tried.

Secondly and perhaps more importantly, the prosecutor's remarks were unprofessional and improper because they injected "issues broader than the guilt or innocence of the accused under the controlling law" and were calculated to inflame the prejudices of the jury. The facts injected and references made by the prosecuting attorney had absolutely nothing to do with appellant's guilt or innocence of the

charges brought against him and could only cause prejudice to his defense by directing the jurors to the carnage resulting from senseless crimes committed by others in Philadelphia and Los Angeles.

Finally, the prosecuting attorney's remarks were calculated to mislead the jury as to the relevant law. The defense had argued, quite properly, that the jury should consider the absence of any motive for appellant to approach Gunter and shoot him without provocation, as the Commonwealth had contended. For the prosecution to respond to this argument was understandable. It was highly improper, however, to tell the jurors that motive "is not for you to decide" because "there were 525 homicides in Philadelphia last year" without "what we would call or consider a good motive, a legitimate motive, a reason to shoot somebody." The prosecutor's response was not only a non sequitur but unprofessional and improper. Similarly, it was highly improper to tell the jury that motive was not to be considered because "in Los Angeles they are shooting people on the highways for cutting them off because the highways are too crowded."

It was incorrect to tell the jurors that motive or the absence of motive was not for them to decide. Although motive was not an essential element of the Commonwealth's case, the presence or absence of motive was relevant and could be considered by the jury in determining whether the Commonwealth's evidence had proved guilt beyond a reasonable doubt. See: 10A P.L.E. Criminal Law § 401. See also: *Commonwealth v. LaRosa*, 283 Pa.Super. 264, 268, 423 A.2d 1247, 1249 (1980). For the prosecutor to misstate the law was perhaps pardonable, because it could be corrected by the court. When the prosecuting attorney went further, however, and attempted to obscure the significance of the presence or absence of motive by referring to the number of homicides in Philadelphia or the shootings in Los Angeles committed without good cause, he was guilty of egregious misconduct which could not readily be corrected. When the defense objected to these remarks, the trial court

overruled the objection and thereby added its imprimatur to the prosecuting attorney's improper argument. This was clear error.

■ The error was not harmless. Evidence of appellant's guilt was not overwhelming. Instead, the evidence was in sharp conflict as to whether appellant had approached Anthony Gunter with gun drawn and shot him without provocation or whether Anthony Gunter had been shot with his own gun during a physical struggle after appellant had interceded to protect his niece. Because the case was close, the prosecuting attorney's improper attempt to substitute exaggerated rhetoric for evidence carried him beyond the limits of permissible argument and deprived appellant of a fair and impartial determination of guilt or innocence according to the evidence. Such an error can only be corrected by a new trial.

Because a new trial is necessary, we do not now decide whether the court properly sentenced appellant as though he had visibly possessed a firearm after the jury found him not guilty of possessing an instrument of crime at the time of the alleged offense.

The judgment of sentence is reversed, and the case is remanded for a new trial. Jurisdiction is not retained.

KELLY, J., files a concurring statement.

KELLY, Judge, concurring.

I join the majority opinion to the extent the majority determines that it was improper to inject references to *specific* instances of criminal activity irrelevant to the case before the jury. This, of course, was an *ad hominem* appeal to the jurors general sense of outrage regarding the increasingly violent nature of our society.

I wish to note however, that I find nothing whatsoever inappropriate about the prosecution's argument that motive need not always be considered. The fact is, indiscriminate crime is indeed prevalent in our society. Motive, therefore, is unnecessary in establishing a case against a defendant.

Thus, if the prosecution had merely argued that, given the prevalence of indiscriminate crime in our society, no motive necessarily need be shown; I would not hesitate to affirm judgment of sentence.

However, the prosecutor herein not only included references to *specific* instances of criminal behavior with no logical or factual nexus to the events of this case, he argued that motive was *irrelevant* as a matter of law. Such argument constituted reversible error, as the majority correctly concludes.