J-S24021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER R. VANISTENDAEL | |
| Appellant | No. 1080 WDA 2016 |

Appeal from the PCRA Order June 23, 2016
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000197-2006

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 28, 2017**

Appellant, Christopher R. Vanistendael, appeals from the June 23, 2016 order entered in the Court of Common Pleas of Venango County ("PCRA court"), denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we reverse.

The PCRA court summarized the factual and procedural history of the matter as follows.

> In May to June of 2004, [Appellant] was acquainted with a minor, A.L.  The minor was then 14 and 15 years of age during the relevant time frame, born June 8, 1989.  [Appellant], 24 at the time the two became acquainted, born April 26, 1989 [(sic)], and whose age was known to A.L.  On May 17, 2004, A.L. and a friend snuck out of her home to meet [Appellant], who was

---

[*] Former Justice specially assigned to the Superior Court.

driving his car, with several passengers. A.L. and the others were provided with Smirnoff malt liquor, and that night she "made out" with [Appellant]. A.L. again met with [Appellant] while staying at her friend's house a week later with her friend, while [Appellant] drove them around.

On several occasions, A.L. would sneak out of her house and meet with [Appellant]. On one occasion, her and her friend Ember met [Appellant] at a cabin, and informed [Appellant] that she was in eighth grade. However, [Appellant] and A.L. engaged in sexual acts that night. A.L. testified to 12 to 15 occasions on which she and [Appellant] engaged in sexual intercourse in his vehicle and in the cabin, along with oral sex on most of those occasions. Other witnesses corroborated A.L. and [Appellant] having sex in the cabin. A.L.'s stepfather eventually became aware of the relationship via Ember's mother. A.L.'s father alerted police, leading to an investigation and eventually charges brought against [Appellant].

\*\*\*

Given that [Appellant] was 24 and A.L. was 14-15 at the time of the relationship, [Appellant] was charged with Involuntary Deviate Sexual Intercourse ("IDSI") with a person less than 16 years of age, Statutory Sexual Assault, Corruption of Minors, and Indecent Assault of a Person less than 16 years of age, though this last charge was dismissed by information. After proceeding to a jury trial, [Appellant] was found guilty on October 12, 2006. He was sentenced January 22, 2007, to an aggregate of 10 to 23 years incarceration with a five year probationary tail.

At trial, [Appellant] was represented by Robert L. Downey, Esq. Following trial, [Appellant] employed Neil Rothschild, Esq. Attorney Rothschild consulted [Appellant's] father, though not [Appellant] in determining the best strategy following sentence would not be a direct appeal, limited to the record, but to file a PCRA petition, opening the possibility of an additional evidentiary hearing. This PCRA alleging ineffective assistance of trial counsel for failure to raise a mistake of age defense, was denied.

Attorney Troy M. Frederick filed an appeal of this denial, alleging Attorney Rothschild to have provided ineffective assistance for several issues, including failing to file a direct

- 2 -

appeal, though not for questioning trial counsel's failure to object to ADA Carbone's statements. The Superior court eventually remanded for hearing on whether [Appellant] waived his direct appellate rights.

Attorney Karyn A. Rok represented [Appellant] on this remand, and eventually the Supreme Court of Pennsylvania reinstated [Appellant's] direct appeal rights. The direct appeal challenged in part, the statements challenged in the instant PCRA petition, but since trial counsel did not object and preserve the issue, the issue was deemed waived.

Following the exhaustion of this direct appeal, [Appellant] filed the instant PCRA July 8, 2015. Attorney Pamela R. Logsdon-Sibley was appointed August 6, 2015. A hearing was held on the PCRA issues on April 19, 2016. The petition sounds in claims of prosecutorial misconduct against then-ADA Carbone for two statements made during his closing arguments.

> Assistant District Attorney James C. Carbone engaged in prosecutorial misconduct in his closing argument at trial by making statements regarding putting away a 'preferential predator' and 'how other people could be harmed if you don't decide this right.' ADA Carbone also improperly commented on [Appellant's] silence and his decision not to take the stand in his closing argument[.] Said statements prejudiced the jurors to form in their minds a fixed bias and hostility toward the [Appellant] such that the jurors could not weight the evidence and render a true verdict.

[Appellant] then alleges ineffective assistance of counsel claims against each of his prior attorneys.

> Attorney Robert L. Downey, Jr. was ineffective in failing to object to the aforementioned prosecutorial misconduct and to request curative instructions or mistrial. His ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> Attorneys Neil E. Rothschild and Troy M. Frederick were both ineffective for failing to raise the

- 3 -

> aforementioned prosecutorial misconduct and the ineffectiveness of Attorney Downey related to that misconduct.
>
> Attorney Kathryn Rok did raise some of the prosecutorial misconduct in [Appellant's] reinstated direct appeal. However, she failed to raise the comments on [Appellant's] silence, or the ineffectiveness of prior counsel in failing to object to or address the misconduct it in the first PCRA and ensuing appeals, resulting in [Appellant's claim of prosecutorial misconduct being deemed waived, although arguable having merit according to the Superior Court Opinion. Therefore, Attorney Rok was ineffective in her representation of [Appellant] on direct appeal.

PCRA Court Opinion, 6/23/16, at 1-4 (internal citations omitted).

Appellant raises one issue on appeal, which we quote verbatim.

I.    Is trial counsel ineffective when he fails to object to or ask for mistrial after inappropriate and inflammatory comments by the prosecutor in closing arguments regarding "putting away a preferential predator" and "how other people could be harmed if you don't decide this right."

Appellant's Brief at 4.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). In order to prevail the petitioner must prove all

three prongs of the ***Pierce*** test or the claim fails. ***Id.*** (citing ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987)). This Court defers to the PCRA court's factual findings and credibility determinations if supported by the record; however, we review the PCRA court's legal conclusion's *de novo*. ***Id.*** at 779.

The first prong of the ***Pierce*** test requires that a petitioner prove the underlying claim has arguable merit. In the matter *sub judice*, a panel of this Court previously determined that merit existed.

> In these statements, despite the facetious manner in which he couched them, Assistant District Attorney Carbone told the jury that unless they convict [Appellant], other people (impliedly, other children) would be preyed upon by [Appellant]. These statements imposed a heavy burden on the collective consciousness of the jury and turned its members' attention away from the task of weighing the evidence before them; as such there is a strong argument that they do constitute prosecutorial misconduct and that [Appellant] is entitled to a new trial. ***See Commonwealth v. Cooper***, 941 A.2d 655, 668 (Pa. 2007) (holding that a new trial is warranted where prosecutor's comments "prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.").

***Commonwealth v. Vanistendael***, No. 479 WDA 2013, unpublished memorandum, at 5 (Pa. Super. filed September 15, 2014). This Court found that Appellant waived the argument because Attorney Downey failed to object at the time the statements were made. ***Id.*** at 6. However, this Court noted:

> We have read the closing arguments of both parties and conclude that any plea for sympathy made by defense counsel

- 5 -

was extraordinarily subtle, as the vast majority of his argument was dedicated to challenging the credibility of some of the Commonwealth's witnesses, who were friends of the victim. In fact, defense counsel mentioned [Appellant's] diminished mental capacity only in context of his argument that he was easily manipulated by the victim's friends. Even if defense counsel's statement could be viewed as an attempt to curry sympathy for [Appellant], we cannot agree that a call to save other children by convicting [Appellant] is a fair rebuttal thereto. No part of the statement by Assistant District Attorney Carbone at issue responded to anything said by defense counsel in his closing argument.

*Id.* at 6 n.2. Upon review of the record,[1] we agree that Appellant successfully satisfied the first prong of the *Pierce* test, namely that there is an arguable claim of prosecutorial misconduct.

The next issue is whether Appellant satisfied the second prong of the *Pierce* test, namely, whether counsel had a reasonable basis for acting or failing to act. "The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (citing *Commonwealth v. Colavita*, 993 A.2d 874 (Pa. 2010)).

In the matter *sub judice*, Appellant's trial counsel testified as to his basis for not objecting to the statements made by Assistant District Attorney

---

[1] Moreover, the PCRA court found that Appellant independently satisfied this prong of the *Pierce* test. *See* PCRA Court Opinion, 6/23/16, at 5.

Carbone. Essentially, trial counsel "[didn't] want to throw the spotlight on the incident. It could be so harmful." N.T. PCRA Proceeding, 6/20/16, at 3. In *Commonwealth v. Green*, 611 A.2d 1294 (Pa. Super. 1992), this Court found that the prosecutor's closing argument discussing the number of homicides in Philadelphia or shootings in Los Angeles constituted egregious misconduct which could not readily be corrected. *Id.* at 1299. Thus, this Court reversed the judgment of sentence and remanded for a new trial. *Id.*

Trial counsel testified that he did not want to object because that could draw the statement to the attention of the jury. If Appellant was not entitled to a mistrial, this could be an appropriate tactical decision; however, the statements made by Attorney Carbone could lead to a mistrial. *See Cooper*, 941 A.2d at 668; *Green*, 611 A.2d at 1299. Thus, it is irrelevant that such an objection would draw the jury's attention to the statement because the jury would be discharged. Therefore, we find that trial counsel did not have a reasonable basis for failing to object to Attorney Carbone's statement that "I'm not gonna even say anything about how we wanna put away a preferential predator and how other people --- that would be bad; that would be wrong; I would not do that. How other people could be harmed if you don't decide this right." *See* N.T. Counsel Openings and Closings of Jury Trial Only, 10/12/16, at 55-56 (sic).

The final inquiry is whether Appellant satisfied the third prong of the *Pierce* test, namely did he establish that he suffered prejudice. As discussed above, the statements made by Attorney Carbone constitute

prosecutorial misconduct. Therefore, these statements entitle Appellant to a mistrial because the jury "could not weigh the evidence and render a true verdict."[2] ***See Cooper***, 941 A.2d at 668. As such, trial counsel's failure to object to the statement by Attorney Carbone led to Appellant's conviction. Therefore, we find that Appellant has satisfied the third prong of the ***Pierce*** test.

As we find that Appellant has satisfied all three prongs of the ***Pierce*** test, Appellant is entitled to a new trial due to the ineffective assistance of trial counsel.

PCRA order reversed and remanded. Jurisdiction relinquished.

Judge Panella joins this memorandum.

President Judge Emeritus Stevens files a dissenting statement.

---

[2] While the PCRA court noted that it would have sustained the objection but not ordered a mistrial, the previous panel of this Court believed it was sufficient to entitle Appellant to a new trial and we agree. ***See Vanistendael***, 479 WDA 2013, at 4 (citing ***Cooper***, 941 A.2d at 668).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2017