J-S83010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY REED | : | |
| Appellant | : | No. 1877 EDA 2016 |

Appeal from the Judgment of Sentence November 23, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014387-2012

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 07, 2018**

Appellant, Anthony Reed, appeals from the Judgment of Sentence of an aggregate term of 3½ to 7 years' incarceration imposed after a jury found him guilty of three firearms offenses.[1]  He avers that because the Commonwealth engaged in misconduct during its closing argument, the trial court should have granted his Motion for a Mistrial.  After careful review, we affirm.

The relevant underlying facts, as gleaned from the record and the trial court opinion, are as follows.  On May 3, 2012, after Monalisa Davis heard a gunshot, she looked out her window and saw Appellant and another man, both of whom she knew from the neighborhood, running down the street as

---

[1] 18 Pa.C.S. §§ 6105, 6106, and 6108.

Appellant tucked a gun into his waistband. She called the police who discovered the victim, Gary Charles, inside his home with a non-fatal gunshot wound to his left thigh. Ms. Davis gave a statement to police, naming the men she had seen and providing a description of them. Police discovered a "projectile" on the steps outside Ms. Davis's home.

Approximately two weeks later, police officers spotted Appellant driving a stolen minivan. When police officers stopped the vehicle, Appellant stepped out of the driver's side door. When officers told him to get back in the car, he slammed the door and ran away. Police officers caught him shortly thereafter and, when they returned to the minivan and opened the door, they saw a .40 caliber black handgun on the floor between the driver and passenger seats. Appellant did not have a license for the firearm, which was loaded and operable.

At trial, in addition to hearing testimony from investigating officers and others, the jury heard Ms. Davis attempt to recant her statements made to police at the time of the incident and at the preliminary hearing. Counsel presented closing arguments; defense counsel objected several times during the prosecutor's presentation, and immediately thereafter moved for a mistrial based on prosecutorial misconduct. The court denied Appellant's Motion.

The jury convicted Appellant of the above-noted firearms offenses. Appellant did not file a Post-Sentence Motion or direct appeal. After

Appellant filed a PCRA Petition, the court reinstated Appellant's direct appeal rights *nunc pro tunc*.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Should the lower court have declared a mistrial after the Commonwealth engage[d] in repeated prosecutorial misconduct during its closing arguments, including accusing counsel of using objections to hide evidence from the jury?

Appellant's Brief at 4.

Our rules of criminal procedure provide that a court may declare a mistrial "only for reasons of manifest necessity." Pa.R.Crim.P. 605. We have oft noted that "[t]he remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal." ***Commonwealth v. Judy***, 978 A.2d 1015, 1019 (Pa. Super. 2009) (citation omitted). "In making its determination, the [trial] court must discern whether misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice." ***Commonwealth v. Hogentogler***, 53 A.3d 866, 878 (Pa. Super. 2012) (citations omitted). This Court reviews the resulting order to determine whether the court abused its discretion. ***Id***.

Appellant claims he is entitled to a new trial because of several instances of prosecutorial misconduct during the prosecutor's closing

argument that "taken together … clearly resulted in the denial of [his] right to a fair trial[.]" Appellant's Brief at 22. With regard to a claim of prosecutorial misconduct in a closing statement, it is well-settled that:

> The prosecutor is allowed to vigorously argue his case so long as his comments are supported by the evidence or constitute legitimate inferences arising from that evidence. In considering a claim of prosecutorial misconduct, our inquiry is centered on whether the defendant was deprived of a fair trial, not deprived of a perfect one.

*Commonwealth v. Smith*, 985 A.2d 886, 907 (Pa. 2009) (citation and quotation marks omitted). "Comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1147 (Pa. 2011) (citations omitted).

During closing argument, a "prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." *Commonwealth v. Chmiel*, 889 A.2d 501, 543-44 (Pa. 2005) (internal citations and quotations omitted).

"In reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made." *Commonwealth v. Sampson*, 900 A.2d 887, 890 (Pa. Super. 2006) (citation omitted). Finally,

it is well settled that an appellant "is not entitled to relief on his cumulative claims of prosecutor misconduct when none of his individual claims entitles him to relief." **Commonwealth v. Carson**, 913 A.2d 220, 243 (Pa. 2006).

Appellant first alleges that the Commonwealth engaged in misconduct during its closing argument when the prosecutor "impermissibly commented [on] trial counsel's use of objections." Appellant's Brief at 14. He argues that comments about a defendant's "strategy is prejudicial and amounts to reversible error." *Id*. at 16 (quoting **Commonwealth v. Green**, 611 A.2d 1294, 1297 (Pa. Super. 1992),[2] and citing **Commonwealth v. Sargent**, 385 A.2d 484 (Pa. Super. 1978)[3]).

Appellant bases his request for a new trial on the following excerpt from the prosecutor's closing argument:

> Why is [defense counsel] so emphatic in talking about stuff police did or did not do.

---

[2] In **Green**, this Court found "egregious misconduct" necessitating a new trial where the prosecutor referred to facts not in evidence and "attempted to obscure the significance of the presence or absence of motive by referring to the number of homicides in Philadelphia or the shootings in Los Angeles committed without good cause." *Id*., 611 A.2d at 1299.

[3] In **Sargent**, where the prosecutor stated during his closing argument that, among other things, defense "counsel were 'paid to acquit their clients,' [and] 'to frame the evidence and the issues,'" the Court concluded that "[t]he prosecutor's plain implication was that appellants had paid counsel to achieve a dishonest result . . . which undercut the trial in a particularly severe way[;]" and in further arguing inferences not fairly presented by the evidence, "it might well have seemed to the jurors that appellants' counsel had engaged in obstruction of justice." *Id*., 385 A.2d at 487-88.

> Arguably, ladies and gentlemen, they did do a lot in this case. It wasn't perfect. But police officers are probably the only position where they have to be 100 percent all the time or they are blasted for their job, no matter how good a job they did. It's a thankless, thankless position, a thankless career.
>
> But this – and the reason I asked him, **[defense counsel] objected conveniently when I was asking about this**, when did you actually issue the warrant?
>
> Not until July.
>
> Why?
>
> Because we wanted to make sure we had the best information possible.

Appellant's Brief at 14, quoting N.T., 9/17/15, at 184-85 (emphasis in Brief). Appellant avers that the highlighted comment demonstrates that "[b]y advocating for his client, trial counsel was accused of gamesmanship and trickery." *Id*. at 18-19.

> The trial court addressed Appellant's averment, stating:
>
> [T]he prosecutor did not broadly comment on defense counsel's "use of objections." Instead, he referred to one specific objection—to relevance when Detective Ronald Palumbo was asked why an arrest warrant was not issued earlier—that was overruled. (N.T.[,] 9/17/15, [at] 97). Given the court's earlier instruction that raising objections, and either sustaining or overruling them, is "necessary to ensure a fair and impartial trial," this passing reference to defense counsel's objection did not warrant a mistrial (N.T.[,] 9/16/16, [at] 33-34).

Trial Ct. Op., dated 3/22/17, at 6-7.

We agree with the trial court's assessment. *See Commonwealth v. Steele*, 961 A.2d 786, 832 (Pa. 2008), *abrogated on other grounds sub nom*

*Pena-Rodriguez v. Colorado*, 137 S.Ct. 855 (2017) (holding that a fleeting reference within the context of an entire closing argument is not prejudicial). Moreover, unlike the extreme comments presented in *Green* and *Sargent*, *supra*, the prosecutor's fleeting remark here did not impugn the integrity of defense counsel, pertain to evidence not in the record, or suggest an inference not fairly drawn such that Appellant was denied a fair trial.

Our review of the transcript of both parties' closing arguments indicates that the "passing" comment did not have the "unavoidable effect [of] prejudic[ing] the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence and render a fair verdict." *Chmiel,* 30 A.3d at 1146-47. Accordingly, no relief is due.

Appellant next contends that the prosecutor "offered at least three additional grounds for mistrial" in his closing argument. Appellant's Brief at 20. Although he quotes from the prosecutor's closing argument, Appellant fails to provide any argument as to why the noted excerpts present "additional grounds for mistrial."

To develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes citations to pertinent authorities as well as discussion and analysis of the authorities. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is

an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citations omitted)). As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. (citation omitted). Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (citations omitted).

Here, Appellant summarily states that three additional grounds for mistrial exist and quotes excerpts from the notes of testimony without providing any argument to support his conclusion. We, thus, conclude that Appellant waived for our review his allegations of "three additional grounds for mistrial."

In light of the foregoing, we conclude that Appellant's claim of prosecutorial misconduct warrants no relief and the trial court properly exercised its discretion in declining to declare a mistrial.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/18